896 So.2d 1110 (2005)
STATE of Louisiana
v.
Wardell D. ELLIOTT.
No. 04-KA-936.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
*1112 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
*1111 MARION F. EDWARDS, Judge.
Defendant, Wardell Elliott, appeals his sentence of fourteen years for possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1.
Elliott pled not guilty and was tried before a twelve-person jury. At the trial, the defense stipulated that in 1985, Elliott had pled guilty to two counts of armed robbery in violation of La. R.S. 14:64 and was sentenced at that time to twelve years in prison. A certified copy of that conviction was admitted into evidence.
The only witness presented by the state was Deputy Joe Ragas of the Jefferson Parish Sheriff's Office. Deputy Ragas testified that on February 8, 2003, he was on patrol in Harvey. There had been burglaries in the adjacent subdivision, and he had gathered information from citizens in the area that a man in "middle age or late age," riding a bicycle, traded stolen equipment for narcotics. Elliott, who was on a bicycle, was talking to two men in the 1200 block of Aberdeen St. As the Deputy approached, Elliott left the area. Later, as Elliott returned, Deputy Ragas stopped him and conducted a field interview.
During the conversation, Deputy Ragas noticed Elliott turning his stomach away which aroused the officer's suspicion. Deputy Ragas asked Elliott if he had anything on him that the officer should know about. Elliott replied that he had a gun in his waistband, at which time Deputy Ragas arrested him for carrying a concealed weapon. At the time, the deputy did not know that Elliott had prior felony convictions. Elliott was not arrested for any burglary charges.
Elliott testified at trial that he carried the gun because he had been robbed in the past few weeks. He knew he should not carry a weapon, but in this neighborhood, he felt justified in carrying the gun to protect himself and his family. He stated that when he was young, he became rebellious and robbed a bank. He got his GED in prison and a one-year degree in computer business. He had no other felony charges against him.

*1113 DISCUSSION

Elliott assigns only one assignment of error but argues two issues. His main argument is that his near maximum fourteen-year sentence for his felon in possession of a firearm conviction is excessive. He claims he is no more culpable than the majority of defendants convicted under the statute who received the minimum ten years. He asserts five of the twelve jurors expressed their desire that he receive the minimum sentence. In arguing the excessiveness of his sentence, Elliott also alleges the trial court erred in refusing to inform the jury of the sentencing range for the responsive verdict of attempted possession of a firearm by a felon.
In charging the jury, the trial court correctly explained the standard of reasonable doubt, the State's burden of proof and the essential elements of the charged offense, possession of a firearm by a felon, and of the responsive verdict, attempted possession of a firearm by a felon. Elliott did not object to the jury charges. After the jury retired to deliberate, the jury returned with two questions: 1) "What is the short legal definition of `attempted' possession [?]", and 2) "What is the sentence for `attempted' possession [?]" In response, the trial court re-read the definition of attempt to commit possession of a firearm by a felon and stated it could not answer the jury's second question. Again, Elliott did not object. Under LSA-C.Cr.P. art. 801(C), a party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error.[1]
In the present case, although Elliott admits he did not object to any portion of the jury charges, he contends the issue was not waived because of an exception to the above rule. Elliott urges the alleged error here involves "the very definition of the crime for which he was convicted." In an earlier case, the Louisiana Supreme Court has indeed reversed a defendant's conviction, despite the lack of objection to the jury charges, because the jury was improperly charged with the wrong definition of the charged crime.[2] The Court reasoned that, "a substantial error in the very definition of the charged crime was of such importance and significance as to violate the fundamental requirements of due process." Williamson did not involve sentencing provisions but rather involved the correctness of the core elements of the charged offense.
In this case, the court re-read the definition of attempt, but did not give the sentencing range for that crime. When the penalty imposed by a statute is a mandatory one, the trial judge must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury.[3] In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense's penalty is within the discretion of the trial *1114 judge.[4]
In the present case, the failure to advise the jury of the penalties for a responsive verdict does not violate fundamental requirements of due process so as to overcome the contemporaneous objection rule.[5]
Elliott also contends that he received an excessive sentence. He was convicted of being a felon in possession of a firearm and under La. R.S. 14:95.1, faced a sentencing range of ten to fifteen years without the benefit of parole, probation or suspension of sentence. Elliott received a fourteen-year sentence.
A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.[6] The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.[7]
This Court should further consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.[8]
In the present case, it was stipulated that Elliott had been convicted of two violent offenses, armed robbery, in 1985 and received a twelve-year sentence without parole, probation or suspension of sentence. He was released from prison in October 2001, and less than one and a half years later, he was found with a gun on his person despite his own testimony that he knew he was not supposed to have a gun. The gun, which Elliott was carrying in the waistband of his pants, was loaded with five rounds of ammunition in it. One of the bullets was in the chamber of the gun ready to be discharged. Although Elliott claimed he was carrying the gun for self-protection, the trial court found his testimony "completely non-compelling," explaining there was no credible evidence that defendant feared for his safety. The trial court further found that while some jurors had expressed concerned about the mandatory sentencing range being between ten and fifteen years, that was an issue to be addressed by the legislature.
Sentences at the upper end of the spectrum in cases involving a felon in possession of a firearm have previously been upheld.[9] Our examination of these cases as well as of the underlying facts of the matter at bar do not disclose an abuse of discretion. This assignment of error is without merit.
*1115 In our review for errors patent,[10] we have discovered that the trial court imposed an illegally lenient sentence by failing to impose the fine mandated by La. R.S. 14:95.1. The appellate court has the authority under La.C.Cr.P. art. 882 to recognize and to correct the sentence "at any time."[11] We note, however, that the language of article 882 is permissive rather than mandatory. Here, neither the State nor Elliott raised an objection. In this case, we will not correct the illegally lenient sentence.[12] In addition, Elliott was not advised of the prescriptive period for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. Accordingly, we remand the matter to the trial court with instructions to inform Elliott of the two-year prescriptive period by sending written notice to him within ten days after the rendition of the appellate opinion and to file written proof in the record that he received the notice.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] See State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 167, and State v. Nguyen, 04-321 (La.App. 5 Cir. 9/28/04), 888 So.2d 900.
[2] Citing State v. Williamson, 389 So.2d 1328 (La.1980).
[3] State v. Jackson, 450 So.2d 621 (La.1984); State v. Hooks, 421 So.2d 880 (La.1982).
[4] State v. Jackson, supra.
[5] See e.g., State v. McBroom, 27,027 (la.App.2.Cir.5/10/05), 655 So.2d 705.
[6] State v. Adair, 04-120 (La.App. 5 Cir. 5/26/04), 875 So.2d 972.
[7] State v. Jones, 98-1055 (La.App. 5 Cir. 2/23/99), 729 So.2d 95.
[8] State v. Telsee, 425 So.2d 1251 (La.1983); State v. Slang, 94-332 (La.App. 5 Cir. 11/16/94), 646 So.2d 1037, 1041, writ denied, 94-3063 (La.4/7/95), 652 So.2d 1344.
[9] See State v. Bannister, 38,967 (La.App. 2 Cir. 9/22/04), 882 So.2d 693; State v. Willis, 36,759 (La.App. 2 Cir. 4/9/03), 843 So.2d 592; State v. Felder 36,228 (La.App. 2 Cir. 8/14/02), 823 So.2d 1107. State v. Jones 2001-539 (La.App. 3 Cir. 10/31/01), 799 So.2d 772., writ denied XXXX-XXXX (La.12/13/02), 831 So.2d 975.
[10] See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[11] State v. Williams 00-1725 (La.11/28/01), 800 So.2d 790.
[12] See State v. Brown, 03-KA-581 (La.App. 5th Cir 11/12/03), 861 So.2d 644.