920 So.2d 878 (2005)
STATE of Louisiana
v.
Samuel R. JOHNSON.
No. 05-KA-425.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*879 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Kia Habisreitinger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Samuel R. Johnson, In Proper Person, Monore, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The defendant, Samuel R. Johnson, was convicted of driving while intoxicated (DWI), fourth offense, in violation of LSA-R.S. 14:98(D)[1], and was sentenced to ten years to be served with the Department of Corrections, suspended, except for three years to be served without benefit of parole, probation or suspension of sentence. In addition, the trial court ordered that, upon defendant's release, he be placed on active probation for three years and recommended he be placed in the Impact Program.[2] Thereafter, defendant filed a pro se Motion to Correct an Illegal Sentence. An Order of Appeal was likewise filed and was ultimately granted by the trial court.
On August 10, 2003, Detective Ronnie Bertucci of the Kenner Police Department was on duty at about 8:35 a.m. when he stopped a 1992 Toyota Camry for speeding. Defendant was issued a speeding citation for driving 42 mph in a 30 mph zone. As Detective Bertucci approached the vehicle, defendant got out of the vehicle and appeared "wobbly." Detective Bertucci smelled a strong odor of alcohol on his person and noticed defendant's speech was slurred and his eyes kept closing. Detective Bertucci testified that he asked defendant to step to the rear of the car and as defendant began to walk he lost his balance. Detective Bertucci offered defendant a field sobriety test and attempted to conduct several tests; however, defendant refused to take any test. Detective Bertucci testified that defendant had sunglasses *880 on and would not remove them. Defendant was arrested. Once he was at lock up, defendant was offered the intoxilyzer test and was read his rights regarding the chemical tests for intoxication. Defendant refused to cooperate. Detective Bertucci testified that he had arrested hundreds of intoxicated individuals and that he had no doubt that defendant was intoxicated while operating a motor vehicle. However, he provided that he probably would not have detected the impairment but for the speeding.
Deputy Donald Herrmann, a patrol officer with the Kenner Police Department, arrived several minutes after defendant was stopped to assist Detective Bertucci. He ultimately transported defendant. According to Deputy Herrmann, defendant's speech was slurred a little, but he was still able to understand him. He further provided that defendant could not stand by himself and that he smelled alcohol on him. Deputy Herrmann testified that, without a doubt, defendant appeared intoxicated.
Defendant testified that he was stopped that morning in his fiancée's car regarding the brake tag and a cracked windshield and was not informed that he was being charged with speeding. Defendant testified that he was never offered a breath test or a walk and turn test. Further, defendant testified that he was not drunk, was not speeding and that his inspection sticker had not expired.
In brief filed by defense counsel, defendant challenges the legality of his sentence imposed by the trial court. Defendant also filed a pro se supplemental brief, in which it appears that defendant is challenging the sufficiency of the evidence used to support his fourth offense DWI conviction.
Defendant questions his first DWI conviction and argues that inconsistencies exist between the police report and the officer's testimony regarding the fourth offense DWI.
In evaluating the sufficiency of the evidence, the constitutional standard is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. State v. Oritz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998) (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Under LSA-R.S. 15:438, "[t]he rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." However, this requirement does not establish a standard separate from the Jackson standard. State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57, 63. In assessing other possible hypotheses in circumstantial evidence cases, the appellate court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, 1020, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). Instead, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under the Jackson standard. Id. (citations omitted).
To convict a defendant of driving while intoxicated, the State only needs to prove that the defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. State v. *881 Vidal, 04-1139 (La.App. 5 Cir. 3/29/05), 901 So.2d 484, 487 (citing State v. Bourgeois, 00-1585 (La.App. 5 Cir. 3/14/01), 785 So.2d 848, 853). "Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify." State v. Vidal, supra at 487-488 (citing State v. Allen, 440 So.2d 1330, 1334 (La.1983)). It is not necessary that a DWI conviction be based upon a breath or blood alcohol test; the arresting officer's observations may be sufficient to establish the defendant's guilt. State v. Vidal, supra at 488 (citations omitted).
In this case, defendant refused to take any test. However, evidence of defendant's intoxication was shown through the testimony of Detective Bertucci and Deputy Herrmann. Detective Bertucci testified that defendant appeared wobbly and at times lost his balance. He smelled a strong odor of alcohol on defendant's person and noticed that defendant's speech was slurred. He testified that there was no doubt that defendant was operating a motor vehicle in an intoxicated condition when he was stopped for speeding. Although on the Initial Observation Form Detective Bertucci indicated that defendant's speech was "fair," he explained that some of defendant's words were slurred but for the most part he could understand him.
Deputy Herrmann testified that defendant's speech was slurred but that he was able to understand him. He further provided that defendant could not stand by himself, that he smelled alcohol on him and that, without a doubt, defendant appeared intoxicated.
In State v. Landry, 463 So.2d 761, 764-767 (La.App. 5 Cir.1985), writ denied, 464 So.2d 1373 (La.1985), this Court held that the arresting officer's objective observations that the defendant was staggering, leaning on his car for support, slurring his speech and had the odor of alcohol were sufficient to support the defendant's conviction for driving while intoxicated, despite his refusal to submit to a field sobriety test.
According to Detective Bertucci's testimony at trial, defendant said he had just got out of the military and was stationed in Afghanistan, his mother had passed away that day and his license was in his duffle bag at home. He claimed that his wife had come home drunk and left the car somewhere on Loyola and, therefore, he had walked to get it and was driving it back home. Detective Bertucci testified that it was later determined that this was a false statement because defendant did not have a wife, had not been stationed in Afghanistan and his driver's license was found in the car between the seat. Defendant provided that the police officer was lying. He provided that he never told the officer he was in Afghanistan and had referred only to his fiancée instead of wife. He stated that he handed the officer his license and it was not found between the seats. He also provided that he told them he was coming from the cemetery.
Defendant testified that he was stopped that morning regarding his brake tag and a cracked windshield and was not informed that he was being charged with speeding. Defendant testified that he was never offered a breath test or a walk and turn test. Defendant testified that he was not drunk, was not speeding and that his inspection sticker had not expired. He testified that the officer lied when he said he smelled alcohol, had slurred speech and that he was off-balance and almost fell down. Defendant claimed that both Detective Bertucci and Deputy Herrmann lied in court. The State pointed out that defendant left out several convictions when he was questioned by counsel before and presented the *882 convictions that were omitted by defendant.
In this case, the trial judge found the testimonies of Detective Bertucci and Deputy Herrmann more credible than that of defendant. It is not the appellate court's function to second-guess the credibility determinations of the trier of fact or to re-weigh the evidence. State v. Cowden, 04-707 (La.App. 5 Cir. 11/30/04), 889 So.2d 1075, 1083, writ denied, 04-3201 (La.4/8/05), 899 So.2d 2 (citations omitted). The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. Id. (citation omitted).
For a fourth offense DWI, the State must also show that defendant had three other valid convictions. It appears that the State met this burden by proving three prior DWI convictions. State's Exhibit 1, a Jefferson Parish certified conviction, was accepted into evidence without objection. Defendant pled guilty to this DWI offense in October of 2000. State's Exhibit 2, a Tangipahoa Parish certified conviction, was also accepted into evidence. Defendant pled guilty to this DWI offense on March 2, 1998. Defendant objected to this exhibit, arguing that there were no fingerprints to prove defendant was actually the person. However, the trial judge allowed the evidence. Defendant stipulated to his third offense.
In his pro se brief, defendant challenges his first DWI conviction by contending that no fingerprints were presented. It appears he is challenging whether he is the same person who was convicted in Tangipahoa Parish in 1998. However, during cross examination, defendant admitted at trial that he pled guilty in 1998 to DWI, first offense, in Tangipahoa Parish.
After viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Detective Bertucci testified that defendant was operating a motor vehicle, and both Detective Bertucci and Deputy Herrmann agreed that they observed defendant in an intoxicated condition. Further, it appears that the State proved three prior valid convictions. As such, we find the evidence was sufficient to convict defendant of DWI, fourth offense.
In his counseled brief, defendant argues that his sentence was illegally harsh because his sentence should have followed the revised sections of LSA-R.S. 14:98(E)(1)(a) and the jurisprudence established in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526 and State v. Campbell, 03-3035 (La.7/6/04), 877 So.2d 112. Defendant contends his sentence should be vacated as illegal and a new sentence imposed: ten years with all but sixty days suspended, drug treatment and further home incarceration.
While defendant filed a pro se Motion to Correct an Illegal Sentence, the record does not show that the trial court ruled on this motion. Defendant acknowledges in his brief that the trial court was presented with his allegation of an illegal sentence in his pro se motion, but nothing was done concerning his sentence. As such, defendant concludes that this issue is being raised on direct appeal as allowed by LSA-C.Cr.P. art. 822(B). However, it does not appear that defendant's reliance on article 822(B) is proper, as LSA-C.Cr.P. art. 822 concerns procedures for motions to amend or modify sentences.
Defendant claims that article 822 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by the Appellate *883 Court on review and that the legality of the sentence may be reviewed by appeal. As such, it appears that defendant in fact is relying on LSA-C.Cr.P. art. 882, which addresses the correction and review of an illegal sentence. The language of LSA-C.Cr.P. art. 882, allowing correction of the sentence at any time is permissive rather than mandatory. State v. Elliott, 04-936 (La.App. 5 Cir. 2/15/05), 896 So.2d 1110, 1115.
We conclude that any action on defendant's counseled assignment of error would be premature when the record does not contain a ruling on defendant's properly filed pro se Motion to Correct an Illegal Sentence.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which warrant our attention.
For the above discussed reasons, the defendant's conviction is affirmed. we remand this matter to the trial court for a ruling on defendant's pro se motion to correct an illegal sentence. The trial court is ordered to rule on the motion within thirty days of the rendition of this Court's opinion, and to supplement the record with the ruling. The defendant may re-lodge this appeal, in the event of an adverse ruling and for the purpose of seeking review of the sentence, within sixty days of the date on the ruling of his motion, or the date of this opinion, whichever is later.
CONVICTION AFFIRMED; CASE REMANDED.
DALEY, J., concurs.
DALEY, J., Concurs.
I agree with the majority's affirmance of the defendant's conviction, but write separately to address the Assignment of Error raised by defendant concerning the illegality of the defendant's sentence. The defendant's Assignment of Error requires the Court to decide whether a defendant convicted of 4th offense DWI who has previously been ordered to undergo substance abuse treatment for the 1st and 2nd DWI offenses should be sentenced under subsection E(1) or E(4) of La. R.S. 14:98.
Three recent cases address the issue. In State v. Pugh, XXXX-XXXX (La.App. 1st Cir.2/11/05), 906 So.2d 532 the defendant was convicted of 4th offense DWI and sentenced to 12 years in prison. The First Circuit Court of Appeal held that a defendant convicted of 4th offense DWI who did not have the benefit of substance abuse treatment and home incarceration for 3rd offense DWI pursuant to 14:98(D) must be sentenced pursuant to R.S. 14:98(E)(1). In State v. Jones, XXXX-XXXX (La.App. 1st Cir.3/24/05), 907 So.2d 137, the defendant was sentenced for 3rd offense DWI prior to the revision of 14:98, which now provides for substance abuse treatment and home incarceration. On appeal, the state agreed that the defendant should have been sentenced under subsection E(1) rather than subsection E(4)(a). The Court agreed and vacated the original sentence and ordered defendant to be re-sentenced under subsection E(1). Finally, in State v. Corbitt, 2004-2663 (La.App. 1st Cir.6/10/05), 917 So.2d 29, the defendant argues that he should have been sentence under subsection E(1) rather than subsection E(4)(a) because he had not had time to complete substance abuse treatment for the 3rd offense DWI at the time he was convicted of 4th offense DWI. The Court held that the statute does not require that substance abuse treatment be completed prior to being sentenced under subsection E(4)(a). The Court went on to state that sentencing under subsection E(1) is not available to defendants who have previously been required *884 to participate in substance abuse treatment and home incarceration as 3rd DWI offenders.
In order to be sentenced under subsection E(4)(a), the defendant must have been previously required to participate in substance abuse treatment and home incarceration for a 3rd offense DWI. The substance abuse treatment under subsection E for a 3rd offense DWI requires the defendant to undergo an evaluation by the Department of Health and Hospitals and participate in any treatment plan recommended by the department. Since the defendant in this case plead guilty to his 3rd offense DWI the same day he was found guilty of his 4th offense, it was legal error for the trial judge to sentence him pursuant to 14:98 E(4) because he was not previously required to participate in substance abuse treatment and home incarceration pursuant to subsection D. Therefore, I would vacate the sentence and remand for resentencing.
NOTES
[1] Further, defendant was also found guilty of having an expired brake tag and of speeding. Defendant was found not guilty of driving a vehicle with a suspended license.
[2] On the expired brake tag and speeding charges, defendant was sentenced to thirty days imprisonment in parish prison for each charge.