924 So.2d 137 (2006)
STATE of Louisiana
v.
Shawn SIMMONS.
No. 2005-KK-1462.
Supreme Court of Louisiana.
March 17, 2006.
*138 PER CURIAM.
Granted. The First Circuit erred in reversing the district court judgment denying the defendant's motion to quash the bill of information for second offense DWI on grounds that the record of the predicate 1995 DWI conviction did not affirmatively demonstrate a knowing and intelligent waiver of the right to counsel. The present record reveals that the district judge in 1995 complied with State v. Strain, 585 So.2d 540, 543 (La.1991) by conducting an examination of various "[f]actors bearing on the validity of [the waiver] including the age, education, experience, background, competency and conduct of the accused," before accepting defendant's waiver of counsel and ensuing plea of no contest. Strain otherwise did not establish a rigid set of criteria for determining the voluntariness of a plea in misdemeanor cases and an accompanying waiver of counsel because a trial judge who personally addresses the accused during the colloquy (in the present case via satellite video, see La.C.Cr.P. art. 551(B)) is in a position "to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea." Id., 585 So.2d at 543; cf. Iowa v. Tovar, 541 U.S. 77, 124 S.Ct. 1379, 1387, 158 L.Ed.2d 209 (2004)("We have not... prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.").
The judgment of the First Circuit is reversed, the trial court's ruling denying the motion to quash is reinstated, and this case is remanded for further proceedings.