930 So.2d 1034 (2006)
STATE of Louisiana
v.
Jose PEREZ.
No. 05-KA-1006.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
*1035 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Ken Dohre, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellant.
Warren G. Deagano, Jr., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
*1036 WALTER J. ROTHSCHILD, Judge.
This is the State's third appeal in this matter. The following is the relevant procedural history leading up to the instant appeal:
Defendant, Jose Perez, was charged with third offense operating a vehicle while intoxicated ("DWI") on October 12, 2001, following DWI convictions in 1997 and 1999, in violation of LSA-R.S. 14:98(D). He pled not guilty and filed a motion to quash the bill of information on the basis that he was unrepresented in the 1997 DWI guilty plea, that he was not advised of the right to appointed counsel if he was indigent, and that he had not validly waived his right to counsel. The trial judge granted the motion, finding that the transcript of the predicate plea did not show that defendant was advised of his right to appointed counsel if he was indigent.
Following the State's appeal, this Court vacated the judgment and remanded the matter to the trial court to reopen the hearing on the motion to quash to determine whether "the information regarding the right to appointed counsel was contained in the waiver of rights form" that was signed by defendant. State v. Perez, 02-587 (La.App. 5 Cir. 11/26/02), 831 So.2d 542, 547, writ denied, 03-0221 (La.5/2/03), 842 So.2d 1100. (hereinafter Perez I).
On June 12, 2003, the trial court held a hearing at which the State introduced a waiver of rights form signed by defendant from his 1997 guilty plea. The form reflected that defendant was advised of his right to appointed counsel if indigent. However, the trial judge granted the motion to quash, finding that the transcript of the 1997 hearing, which had been introduced at the previous hearing, did not reflect that defendant had been personally advised by the trial judge that he was entitled to appointed counsel if he was indigent.
In the State's second appeal, this Court vacated the judgment of the trial court and remanded the matter for further proceedings in State v. Perez, 04-1052 (La.App. 5 Cir. 1/25/05), 895 So.2d 50, 55, (hereinafter Perez II). This Court found that based on the evidence presented, which included a waiver of rights form reflecting defendant was advised of his right to counsel if indigent and a transcript of the 1997 guilty plea, the State met its burden of proof with regard to the validity of the predicate plea. The Court further found that, considering defendant had offered no countervailing evidence to meet his burden, the trial court erred in granting the motion to quash the bill of information.
On July 21, 2005, defendant filed a "MOTION TO REOPEN /REURGE MOTION TO QUASH PURSUANT TO 5TH CIRCUIT'S RULING WITH RESPECT TO PRIOR CONVICTION AS INVALID PREDICATE." On August 1, 2005, the trial court held a hearing, at which defendant once again urged the trial court to grant his motion to quash previously filed in this matter. While defendant did not testify or introduce any physical evidence at this hearing, the State and defendant entered into a stipulation that, if defendant's wife were to testify, she would say that defendant could not read English in 1997. Thereafter, the trial judge granted the motion to quash. This appeal follows.

DISCUSSION
In this appeal, the State contends that the trial judge erred in granting defendant's motion to quash, because the record of defendant's 1997 DWI guilty plea establishes a valid waiver of the right to counsel.[1] Specifically, the State contends *1037 that the trial judge committed error because he failed to consider the totality of the circumstances of the predicate plea when he granted the motion to quash based on the stipulation entered into with defendant. The State points to the 1997 transcript, which reflects that defendant was personally advised of his right to counsel by the trial court and waived that right, along with the waiver of rights form, which reflects that defendant was advised of the right to counsel if indigent and waived that right.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. When a defendant is unrepresented during a guilty plea, the State must also show a waiver of counsel. State v. Deville, 04-1401 (La.7/2/04), 879 So.2d 689, 690. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. Id. at 691; State v. Carlos, supra at 559.
In the present case, the record contains the transcript of defendant's 1997 guilty plea colloquy, which was introduced at the first hearing on the motion to quash. This transcript reflects that the trial judge advised defendant of his Boykin rights.[2] The transcript also reveals that the trial judge informed defendant of his right to counsel and that defendant waived that right. In Perez I, this Court found that the transcript did not reflect that the trial judge told the defendant he was entitled to appointed counsel if indigent. Mindful of the Louisiana Supreme Court's emphasis that a waiver of counsel depends on the entire record, not just certain "magic words" used by the trial judge, this Court remanded the matter for consideration of whether the waiver of rights form contained "information regarding the right to appointed counsel." State v. Perez, supra at 547.
At the second hearing, the State produced the contemporaneously executed waiver form signed by defendant and the trial judge. The form outlined defendant's rights and the fact that defendant was waiving these rights by pleading guilty. Specifically, the form advised defendant of his Boykin rights, as well as the right to have the assistance of an attorney, and to appointed counsel if he could not afford an attorney. The form further provided that defendant acknowledged the trial judge thoroughly explained his rights to him; he understood them; he had no further questions to ask; and that he entered the pleas knowingly, intelligently, freely, and voluntarily. The defendant's signature, along with the trial judge's signature, appears at the bottom of the form.
*1038 This Court recognized in Perez II that a valid waiver of the right to counsel was found under similar circumstances in State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078. In Theriot, the predicate record reflected that the trial judge properly advised defendant of his Boykin rights, but failed to advise defendant at all of his right to counsel in his predicate guilty plea. However, the record contained a waiver of rights form, encompassing all of the rights stated by the trial judge, as well as the right to counsel and appointed counsel if indigent. Further, the record of the predicate offense reflected that the defendant had been advised of his right to counsel at arraignment. Based on all of these factors, the Theriot court concluded the record reflected a valid waiver of the right to counsel, even though the trial judge did not inquire into defendant's background or education, and even though the trial judge did not verbally advise defendant of his right to counsel. State v. Perez, supra at 55; State v. Theriot, supra at 1085.
In Perez II, this Court found that, as in Theriot, the waiver of rights form informed Perez of his right to counsel, and to appointed counsel if indigent. As such, this Court in Perez II concluded that the form, in addition to the transcript from the 1997 guilty plea, showed a valid waiver of counsel. Based on the evidence, the Court in Perez II found that the State met its initial burden of proof and that the trial court erred in granting defendant's motion to quash the bill of information, considering that defendant offered no countervailing evidence to meet his burden.
At the most recent hearing on August 1, 2005, defendant offered no physical evidence and he did not testify. Rather, defendant stated that he intended to call his wife to testify, but she was unavailable. Defendant then asked the State if it would stipulate that defendant's wife would testify that defendant could not read English when he entered his guilty plea in 1997, and that he would not have been able to read or understand the form unassisted in 1997. The State agreed to stipulate that defendant's wife would testify as such if she were called. Thereafter, defendant argued that, because he could not read English, the form should not be considered when determining whether he validly waived his right to counsel. Defendant argued that this Court had accepted the record and assumed defendant was capable of reading the form. In addition, defendant stated that the 1997 transcript showed that the judge did not ask defendant if he read the form. Defendant further argued that the waiver of rights form was deficient because it did not list the crime to which he was pleading guilty.
The State highlighted several aspects of the 1997 transcript, including that the transcript reflected that the trial judge inquired of defendant whether he had reviewed the form; that defendant answered affirmatively; and that defendant answered "yes" when asked if he had signed the form. The State argued that nothing had changed since this Court had ruled most recently.
Thereafter, the trial judge granted the motion as follows:
THE COURT:
All right. Well, the Court has before it an uncontradicted stipulation that calls into question this man's ability to read, at least as far as I'm concerned back in 1997.
The State did not stipulate that defendant could not in fact read the English language. Rather, it was stipulated that defendant's wife would testify that he could not read English. It appears that the trial judge either misinterpreted the State's stipulation or based his determination solely on the stipulation instead of *1039 considering the totality of the circumstances.
The Louisiana Supreme Court has recognized that the determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case, not "inflexible criteria or a magic word formula." See State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 845. Further, determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. State v. Strain, 585 So.2d 540, 544 (La.1991). In State v. Simmons, 05-1462 (La.3/17/06), 924 So.2d 137 (per curiam), the Louisiana Supreme Court stated:

Strain otherwise did not establish a rigid set of criteria for determining the voluntariness of a plea in misdemeanor cases and an accompanying waiver of counsel because a trial judge who personally addresses the accused during the colloquy ... is in a position `to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea.'" (Internal citation omitted).
In the instant case, the totality of the circumstances shows that defendant's waiver of counsel was valid. The trial judge personally addressed defendant in 1997, inquiring whether he had reviewed the waiver form and whether he had signed it. Defendant answered affirmatively and gave no indication that he could not read the waiver of rights form. After personally addressing him, the trial judge determined that defendant knowingly and voluntarily waived his rights when entering the 1997 guilty plea. Defendant asked no questions, even though the trial judge told him that he would explain any matters to him if defendant had a question. As pointed out in Simmons, the trial judge was in the position to assess the extent of the inquiry to necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel.
Considering the colloquy and the contemporaneously executed waiver of rights form, we find that the trial court erred in granting defendant's motion to quash the bill of information. Accordingly, we vacate the trial court's judgment granting defendant's motion to quash, and we remand the matter for the State to proceed with the prosecution of its claims against defendant for third offense DWI.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals no errors patent in this case.

DECREE
For the reasons set forth above, we vacate the trial court's judgment which granted defendant's motion to quash, and we remand the matter for the State to proceed with the charges in the present case against defendant.
JUDGMENT VACATED; REMANDED.
NOTES
[1] Defendant's appellee brief was due on February 21, 2006. On February 24, 2006, defendant filed a motion entitled, "MOTION AND ORDER BY DEFENDANT-APPELLEE FOR CONSIDERATION OF BRIEFS PREVIOUSLY FILED ON BEHALF OF DEFENDANT-APPELLEE, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE DEFENDANT-APPELLEE BRIEF." This Court granted defendant until March 10, 2006 to file an appellee brief, but as of this date, defendant has not filed a brief responding to the instant appeal. This Court referred to the merits defendant's request to have the briefs that he filed in prior appeals considered in this appeal. After consideration of this request, we find that defendant is not entitled to the relief sought. Accordingly, we deny defendant's request for consideration of previously filed briefs.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).