WALTER J. ROTHSCHILD, Judge.
 

 DThe Jefferson Parish District Attorney filed a bill of information charging defendant, Clarence L. Clement, with two counts of third offense driving while intoxicated (DWI) in violation of LSA-R.S. 14:98 D. Defendant was arraigned and pled not guilty. The trial court denied defendant’s motion to quash. He was tried on count two by a jury which found him guilty as charged.
 
 [1]
 
 Defendant filed a motion for post-verdict judgment of acquittal or motion for new trial that was denied. The trial judge then sentenced defendant to imprisonment at hard labor for five years, with 30 days to be served without benefit of parole, probation, or suspension of sentence, and he ordered that sentence to run concurrently with defendant’s other sentences.
 
 [2]
 
 Defendant filed a motion for out-of-time appeal that was granted.
 

 
 *549
 

 |sFACTS
 

 On May 5, 2006, at 1:55 a.m., Louisiana State Trooper Daryl Thomas was traveling westbound on LA 18 in Avondale when he observed a vehicle stopped in the middle of the roadway for no apparent reason. He positioned his car behind that vehicle, put his emergency lights on, and exited. Af-terwards, the trooper walked up to the driver’s side window of the vehicle, which was running, and looked inside.
 

 When he did so, he noticed a man, later identified as defendant, asleep behind the wheel. Trooper Thomas also noticed that the vehicle was in drive, and that defendant had a 24-ounce beer can in his lap. He cautiously knocked on the window so as not to startle defendant, and defendant woke up. Trooper Thomas asked defendant to step out of his vehicle with his driver’s license, and defendant complied. When Trooper Thomas inquired as to why defendant was stopped in the middle of the roadway, defendant explained that there had been a wreck and the traffic had backed up, and that as he was waiting for the wreck and the traffic to clear, he must have fallen asleep.
 

 As soon as defendant began to speak, Trooper Thomas smelled a strong odor of an alcoholic beverage on his breath. Trooper Thomas also observed that defendant’s eyes were bloodshot and that he was swaying. He advised defendant of his rights and asked defendant if he had anything to drink that night. Defendant stated that he had consumed about six or seven beers at a party and that he probably consumed the last beer about an hour prior to coming into contact with Trooper Thomas.
 

 The trooper suspected defendant was driving while intoxicated, so he asked defendant to submit to field sobriety tests. Defendant asked Trooper Thomas to |4give him a break because he had previous DWI convictions. The trooper advised defendant to perform the tests, but defendant refused. Afterwards, the trooper discarded the beer can, which still contained some alcoholic beverage inside.
 

 Trooper Thomas subsequently placed defendant under arrest for DWI and transported him to the Jefferson Parish Correctional Center. While there, defendant was read the rights form pertaining to the chemical test for intoxication. Defendant signed the form indicating that he understood his rights and was then offered, but refused, the Intoxilyzer breath test. Defendant was booked with DWI.
 

 Trooper Thomas testified that an accident had occurred on LA 18 at approximately 1:30 a.m., and that he had cleared the accident from the roadway at 1:44 a.m., approximately 11 minutes before he stopped defendant.
 

 The State and the defense stipulated that defendant had two prior DWI convictions. The first conviction was on September 13, 2004 in Second Parish Court in Jefferson Parish, case number 96-1897, and the second conviction was on April 20, 2006 in the 29th JDC in St. Charles Parish, case number 477-269. They also stipulated that the crime lab expert, if he had testified, would have taken defendant’s fingerprints, and that those fingerprints would have matched the fingerprints contained in the two prior DWI convictions.
 

 Defendant did not call any witnesses.
 

 DISCUSSION
 

 On appeal, defendant first argues that the evidence was legally insufficient to support the verdict. He specifically contends that the State failed to prove beyond a reasonable doubt that he was intoxicated while operating his vehicle. The State responds that the evidence presented at trial was constitutionally sufficient to support defendant’s conviction of third offense
 
 *550
 
 DWI. It further responds that the evidence of intoxication was overwhelming.
 

 |5In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Neal,
 
 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657,
 
 cert. denied,
 
 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).
 

 Defendant was convicted of third offense DWI, a violation of LSA-R.S. 14:98, which provides in pertinent part:
 

 A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle ... when:
 

 (a) The operator is under the influence of alcoholic beverages[.]
 

 In order to convict an accused of driving while intoxicated, the prosecution must prove that the defendant was operating a vehicle and was under the influence of alcohol or drugs.
 
 State v. Cowden,
 
 04-707, p.
 
 8
 
 (La.App. 5 Cir. 11/30/04), 889 So.2d 1075, 1082,
 
 unit denied,
 
 04-3201 (La.4/8/05), 899 So.2d 2. To convict a defendant of third offense driving while intoxicated, the State must also show that the defendant had two other valid convictions. LSA-R.S. 14:98 D. In the instant case, defendant does not dispute on appeal that he was operating a vehicle or that he had two prior DWI convictions. Thus, the only issue on appeal is whether a rational trier of fact could have found beyond a reasonable doubt that defendant was under the influence of alcohol.
 

 It is not necessary that a DWI conviction be based upon a breath or blood alcohol test; the observations of the arresting officer may be sufficient to establish the defendant’s guilt.
 
 State v. Conner,
 
 02-363, p. 9 (La.App. 5 Cir. 11/13/02), 833 So.2d 396, 402,
 
 writ denied,
 
 02-3064 (La.4/25/03), 842 So.2d 396. Intoxication, Dwith its attendant behavioral manifestations, is an observable condition about which a witness may testify.
 
 State v. Johnson,
 
 05-125, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 878, 881. Some behavioral signs, independent of any scientific test, are sufficient to support a charge of driving while intoxicated.
 
 State v. Bourgeois,
 
 00-1585, p. 6 (La.App. 5 Cir. 3/14/01), 785 So .2d 848, 853. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis.
 
 Id.
 
 Refusal to take the Intoxilyzer test is admissible as evidence of intoxication. LSA-R.S. 32:666 A(3);
 
 State v. Conner,
 
 02-363 at 9, 833 So.2d at 403.
 

 In a case similar to the instant one,
 
 State v. Johnson, supra,
 
 defendant refused to submit to a field sobriety or an Intoxi-lyzer test, but the officer smelled a strong odor of alcohol and observed that defendant appeared wobbly and had slurred speech.
 
 Id.,
 
 05-425 at 5, 920 So.2d at 881. This Court concluded that the evidence was sufficient to convict defendant of fourth offense driving while intoxicated.
 
 Id.,
 
 05-425 at 8, 920 So.2d at 882.
 

 Similarly, in
 
 Conner, supra,
 
 the arresting officer testified that defendant swayed and grabbed the side of the car to steady himself as he exited the car. He also testified that defendant staggered when he walked, smelled strongly of alcohol, had slurred speech, and refused several requests to submit to blood alcohol tests.
 
 Id.,
 
 02-363 at 9-10, 833 So.2d at 403. Additionally, defendant admitted that he was under the influence of alcohol.
 
 Id.,
 
 02-363 at 10, 833 So.2d at 403. This Court found
 
 *551
 
 that evidence was sufficient to support defendant’s conviction for driving while intoxicated.
 
 Id.
 

 In the instant case, Trooper Thomas testified that he observed defendant’s vehicle stopped in the middle of the road for no apparent reason. When he approached the vehicle, he observed defendant asleep with a 24-ounce beer can in 17his lap. At the trooper’s request, defendant exited the vehicle. Afterwards, the trooper smelled a strong odor of an alcoholic beverage on defendant’s breath. Additionally, Trooper Thomas also observed that defendant’s eyes were bloodshot and he was swaying. Defendant admitted he had consumed about six or seven beers at a party, and he refused the field sobriety and Intoxilyzer tests.
 

 In light of the foregoing, we find, as this Court did in
 
 Johnson, supra,
 
 and
 
 Conner, supra,
 
 that a rational trier of fact could have found beyond a reasonable doubt that defendant was under the influence of alcohol and, therefore, that the evidence was sufficient to convict defendant of third offense driving while intoxicated.
 

 This assignment has no merit.
 

 Defendant next argues that the trial court erred by denying his motion to quash the predicate uncounseled 2006 DWI guilty plea because he did not knowingly waive his right to counsel during that plea.
 
 [3]
 
 He asserts that the judge during that plea failed to make a detailed inquiry to determine whether his waiver of counsel was knowing and intelligent. The State responds that the judge’s colloquy with defendant during the prior 2006 plea was sufficient to allow the judge to determine that defendant knowingly, intelligently, and voluntarily waived his right to counsel.
 

 At the hearing on defendant’s motion, defense counsel argued that the bill should be quashed because defendant was unrepresented during the 2006 plea, and because the court at that time failed to make a detailed inquiry to determine whether his waiver of counsel was knowing and intelligent. The prosecutor responded that, during the 2006 plea, the judge extensively questioned defendant regarding his rights, and defendant indicated he understood them. He submitted Rthat the transcript showed that the judge asked the necessary questions to make an informed decision, and that he found that the plea was made knowingly and voluntarily without counsel.
 

 Defense counsel countered that the case law set out the factors that a judge must ask a defendant during an uncounseled guilty plea, including, age, education, experience, and the nature and complexity of the charge. He argued that there was no colloquy between the judge and defendant regarding those factors and, therefore, the bill should be quashed. The trial judge denied the motion, stating:
 

 Based upon the arguments of Counsel and the quotes from the two Boykin colloquies for the two prior convictions in Division A of Second Parish Court and Division D of the 29th Judicial District Court in St. Charles Parish, I find that the trial judge adequately determined the Defendant’s waiver of right to counsel in his guilty plea as a predicate to the DWI offenses, that they were knowingly and intelligently made, and that the determination was not flawed in any way. Specifically, based upon the quotes, the Defendant, himself, attempted to short circuit and bypass the colloquy on several occasions and wished to
 
 *552
 
 get through with the plea, yet the Court insisted upon questioning him in layman’s terms. I mean I don’t believe he could have gotten any more specific than what he did.
 

 For those reasons, the motion to quash is denied.
 

 After the trial court denied the motion to quash, defendant filed a writ application with this Court contending that the motion should have been quashed because, during the 2004 and 2006 predicate guilty pleas, the trial judge failed to make a detailed inquiry to determine whether defendant’s waiver of counsel was knowing and intelligent. This Court denied the writ stating, “After reviewing the writ application, we see no error in the trial court’s denial of defendant’s Motion to Quash the bill of information for third-offense driving while intoxicated.
 
 See State v. Simmons,
 
 05-1462 (La.3/17/06), 924 So.2d 137;
 
 [4]
 

 State v. Perez,
 
 05-1006 (La.App. 5 Cir. 4/25/06), 930 So.2d 1034.”
 
 State v. Clement,
 
 07-K-374 (La.App. 5 Cir. 6/20/07) (unpublished writ disposition) (footnote added).
 

 On appeal, defendant makes the same argument he made in his writ application to this Court. However, the prior denial of supervisory writs does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion.
 
 State v. Castleberry,
 
 98-1388, p. 5 (La.4/13/99), 758 So.2d 749, 755,
 
 cert. denied,
 
 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999).
 

 Nevertheless, under the discretionary principle of law of the case, an appellate court will generally not reconsider prior rulings made in the same case on subsequent appeal.
 
 State v. Greene,
 
 06-667, p. 11 (La.App. 5 Cir. 1/30/07), 951 So.2d 1226, 1234,
 
 unit denied,
 
 07-0546 (La.10/26/07), 966 So. 2d 571. Reconsideration of a prior ruling is warranted when, in light of a subsequent district court re cord, it is apparent that the determination was patently erroneous and produced unjust results.
 
 Id.
 

 In the interest of justice, we will address defendant’s argument on appeal regarding the predicate conviction. Defendant argues that this Court’s previous application of
 
 Simmons, supra,
 
 and
 
 Perez, supra,
 
 is patently erroneous. He contends that the Simmons Court stated that a court should examine the factors that could have impacted the knowing waiver of rights, including age, education, and experience. He also notes that, unlike
 
 Perez, supra,
 
 he did not complete a waiver of rights form during the 2006 predicate plea.
 

 In
 
 State v. Strain,
 
 585 So.2d 540, 542 (La.1991), the Louisiana Supreme Court stated that in accepting a waiver of counsel at trial, the trial judge should advise the accused of the nature of the charges and the penalty range, should inquire into the accused’s age, education and mental condition, and should | ^determine according to the totality of the circumstances whether the accused understands the significance of the waiver. In
 
 State v. Stevison,
 
 97-3122 (La.10/30/98), 721 So.2d 843, 845, the Louisiana Supreme Court stated that
 
 Strain, supra,
 
 did not establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver. Rather, the inquiry into the validity of the accused’s waiver of counsel must take into account the totality of the circumstances in each case.
 
 Id.
 

 In the recent case of
 
 State v. Simmons, supra,
 
 the Louisiana Supreme Court emphasized that
 
 Strain
 
 did not establish rigid criteria for determining the voluntariness of a plea in misdemeanor cases and an accompanying waiver of counsel. This is
 
 *553
 
 because a trial judge who personally addresses the accused during the colloquy is in a position to assess the extent of inquiry necessary to determine the knowing, intelligent, and voluntary nature of the waiver of counsel as well as of the guilty plea.
 
 State v. Simmons,
 
 05-1462 at 1-2, 924 So.2d at 138. The information a defendant must possess in order to make an intelligent decision depends on a range of case-specific factors, including the defendant’s education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.
 
 Id.
 

 In
 
 Perez, supra,
 
 defendant was charged with third offense DWI. He filed a motion to quash on the basis that he did not validly waive his right to counsel. The trial court quashed the bill, and the State appealed. On appeal, this Court found that the totality of the circumstances showed that defendant’s waiver of counsel was valid.
 
 State v. Perez,
 
 05-1006 at 8, 930 So.2d at 1039. It noted that the trial judge personally addressed defendant, inquiring whether he had reviewed the waiver form and signed it. It further noted that defendant answered affirmatively and gave no indication that he could not read the waiver of rights form. This Court Inobserved that, after addressing defendant, the trial judge determined that he knowingly and voluntarily waived his rights when entering the guilty plea. It stated that defendant asked no questions, even though the trial judge told him that he would explain any matters to him if defendant had a question. This Court also stated that, as in
 
 Simmons,
 
 the trial judge was in the position to assess the extent of the inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel.
 
 Id.
 

 In the instant case, the transcript of the 2006 Boykin
 
 [5]
 
 colloquy reflects that defendant agreed he had spoken with the prosecutor and wanted to plead guilty to first offense DWI. The trial judge said he needed to advise defendant of his rights, but defendant responded that he fully understood them, and that the trial judge did not have to read them. The trial judge stated that the law required him to do so. Afterwards, the trial judge advised defendant of his right to a trial, and his right to question any witnesses who testified against him. He informed defendant of his right against self-incrimination, which he explained meant defendant did not have to testify. He advised defendant that he had the right to remain silent, and he had the right to compulsory attendance of witnesses on his behalf at trial at no charge to him. The trial judge also advised defendant that he had the right to be represented by an attorney. He told defendant that if he could not afford an attorney, one would be appointed at no charge to him. Defendant answered affirmatively when the trial judge asked him if he understood those rights.
 

 The trial judge asked defendant to explain the circumstances of the accident. Defendant said at 2:00 a.m., he hit an Army truck and totaled his vehicle. He admitted drinking three to five beers before the accident at a picnic earlier that day, and he insisted he did not drink hard alcohol. After listening to defendant, the trial | ¶ ¿judge found that there was a factual basis for the guilty plea, and that the plea was freely, knowingly, and voluntarily entered.
 

 The trial judge subsequently imposed a six-month suspended sentence with two years probation. He explained that, as part of the conditions of probation, defendant had to pay a $500 fine and costs. The trial judge and defendant discussed how
 
 *554
 
 much time defendant needed to pay them. Defendant said he was employed and that he needed about 90 days. The trial judge subsequently gave defendant 120 days to pay them. After telling defendant some additional things he needed to do, he asked defendant if he had any questions. Defendant responded negatively.
 

 After reviewing the foregoing colloquy, we find that the totality of the circumstances show that defendant’s waiver of counsel was valid. The trial judge personally addressed defendant who indicated that he fully understood his rights. In fact, the trial judge insisted on advising defendant of his rights, even though defendant said it was unnecessary. As the State noted in brief, defendant was apparently aware of his rights, as he had previously entered his first uncounseled DWI guilty plea less than two years earlier. The colloquy indicates that defendant exhibited sophistication in interacting with the trial judge. He was able to speak to the prosecutor, tell the trial judge the details of the offense, and discuss with the trial judge the time he needed to pay the fine and costs. The trial judge also provided defendant an opportunity to ask questions, but defendant did not have any.
 

 The colloquy indicates that the trial judge could have concluded that there was no need to inquire further to establish the knowing, intelligent, and voluntary nature of the waiver of counsel. As in
 
 Simmons
 
 and
 
 Perez,
 
 the trial judge was in the position to assess the extent of the inquiry necessary to determine the knowing, | ^intelligent and voluntary nature of the waiver of counsel. Under these case-specific circumstances, we find that the State met its burden of showing the knowing, intelligent, and voluntary nature of the waiver of counsel. As such, we further find that the trial judge did not err by denying the motion to quash.
 

 This assignment is also without merit.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). One error requires corrective action:
 

 The trial judge failed to advise defendant of the two year prescriptive period for applying for post-conviction relief under LSA-C.Cr.P. art. 930.8. That article provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. We therefore remand the matter and instruct the trial court to inform defendant of the prescriptive period, set forth by LSA-C.Cr.P. art. 930.8, by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice as this Court has done in the past.
 
 State v. Fazande,
 
 05-901, p. 10 (La.App. 5 Cir. 3/28/06), 927 So.2d 507, 513-14.
 

 CONCLUSION
 

 Defendant’s conviction and sentence are affirmed. The case is further remanded to the trial court with instructions as stated herein.
 

 AFFIRMED; CASE REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The Slate entered a nolle prosequi of count one after defendant's conviction on count two.
 

 [2]
 

 . The trial judge also ordered that defendant pay a $2,000 fine, that the vehicle defendant was driving at the time of the incident be seized and sold, that defendant undergo treatment in prison for alcohol and substance abuse, that defendant install an interlock device on any vehicle he drives, and that defendant obtain employment upon release from prison.
 

 [3]
 

 . Defendant was charged with two counts of third offense DWI based on predicate pleas from 2004 and 2006. Since defendant only challenges the 2006 predicate plea on appeal, only that plea will be reviewed.
 

 [4]
 

 . It is noted that
 
 Simmons, supra,
 
 was a per curiam opinion.
 

 [5]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).