ROLAND L. BELSOME, Judge.
| Defendant-Appellant Michael R. Palmer appeals his conviction for attempted possession of heroin and sentence to forty months at hard labor. We affirm.
FACTS
On November 4, 2003, the State charged Defendant-Appellant Michael Palmer with one count of simple possession of heroin.[1] At his arraignment on December 8, 2003, while represented by counsel, he pled not guilty. The court heard a motion to suppress the evidence on March 26, 2004.[2] On April 12, 2004, Appellant sent a three-page letter to the court requesting that he be allowed to represent himself.[3] On May 28, 2004, Appellant drafted another letter to the court, reiterating his wish to represent himself.[4] On June 4, 2004, the court granted |aAppellant’s motion to represent himself with his counsel as co-chair. Appellant filed a handwritten motion to dismiss with the court on June 13, 2004. The hearing on the motion to suppress the evidence was resumed on July 23, 2004, and concluded on September 21, 2004. On October 1, 2004, the court found probable cause to hold Appellant for trial and de *468 nied his motion to suppress the evidence. Appellant filed a pro se writ seeking relief from these rulings, which this Court denied. State v. Palmer, unpub. 2004-1866 (La.App. 4 Cir. 11/12/04), 870 So.2d 651, 2004 WL 878023.
On April 20, 2005, at the conclusion of a two-day trial, a jury found him guilty of attempted simple possession of heroin. Appellant subsequently filed a pro se motion for appeal on May 12, 2005. On August 3, 2005 the court sentenced Appellant to serve forty months at hard labor. This appeal followed.

DISCUSSION

A. Errors Patent

A review of the record reveals there are no patent errors.

B. Assignment of Error

By his sole assignment of error, Appellant contends that the trial court erred by allowing him to represent himself without first ascertaining that he knowingly and voluntarily waived his right to counsel. In his initial brief, counsel for Appellant asserted that the trial transcript did not establish that the trial court advised Appellant of the consequences of waiving counsel and representing himself. This Court subsequently obtained the transcript of the hearing where the court ruled that the appellant could represent himself. Counsel for Appellant filed a reply brief to the State’s brief which acknowledges this earlier hearing, but still insists that the record does not show an adequate warning of the perils of self-representation that would render his waiver knowing.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the U.S. Supreme Court noted that, although a defendant has a right to counsel at trial, counsel cannot be forced on a defendant if he or she waives that right:
It is undeniable that in most criminal prosecutions defendants could better defend with counsel’s guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer’s training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him.... The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of “that respect for the individual which is the lifeblood of the law.” Illinois v. Allen, 397 U.S. 337, 350-351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353 (Brennan, J., concurring). (footnote omitted)
Faretta, 422 U.S. at 834, 95 S.Ct. at 2540-2541.
To effectively waive the right to counsel, however, a defendant must clearly and unequivocally assert his right to self-representation, and the trial court must determine that this waiver was knowingly and intelligently made on a case-by-ease basis given the facts and circumstances of the particular case. Id.; State v. Leger, 2005-0011 (La.7/10/06), 936 So.2d 108[5]; *469 State v. Bridgewater, 2000-1529 (La.1/15/02), 823 So.2d 877[6]; State v. Gauthier, 2005-1365 (La.App. 4 Cir. 9/27/06), 4941 So.2d 642.[7] Moreover, a defendant’s technical knowledge of the law and the eventual outcome of his self-representation are not determinative of whether a defendant was competent to waive counsel. Godiniz v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); Gauthier, supra. Likewise, as the Louisiana Supreme Court noted in State v. Santos, 99-1897, pp. 203 (La.9/15/00), 770 So.2d 319, 321[8] (emphasis added):
Nevertheless, despite the potential impact an accused’s waiver of counsel may have on the fairness of the proceedings, Faretta made clear that the accused’s “technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself.” Faretta, 422 U.S. at 836, 95 S.Ct. at 2541; see also Martinez [v. Court of Appeal of California, Fourth Appellate District], 528 U.S. [152] at 165, 120 S.Ct. [684] at 693, 145 L.Ed.2d 597 (Scalia, J., concurring) (“That asserting the right of self-representation may often, or even usually, work to the defendant’s disadvantage is no more remarkable-and no more a basis for withdrawing the right-than is the fact that proceeding without counsel in custodial interrogation, or confessing to the crime, usually works to the defendant’s disadvantage. Our system of laws generally presumes that the criminal defendant, after being fully informed, knows his own best interests and does not need them dictated by the State.”). A trial judge confronted with an accused’s unequivocal request to represent himself need determine only whether the accused is competent to *470 waive counsel and is “voluntarily exercising his informed free will.” Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. In this Iscontext, “the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself.” Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993) (footnote omitted).
Thus, there is no “inflexible criteria or a magic word formula” that a trial court must use to determine whether a defendant has knowingly waived his right to counsel. See, e.g., State v. Stevison, 97-3122, p. 2 (La.10/30/98), 721 So.2d 843, 845; see also State v. Simmons, 2005-1462 (La.3/17/06), 924 So.2d 137. Instead, the record must show that the court advised the defendant of the dangers and disadvantages of self-representation to confirm “ ‘that he knows what he is doing and his choice is made with his eyes open.’ ” Faretta, 422 U.S. at 835, 95 S.Ct. at 2541 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). See also State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1.[9]
In State v. Marts, 98-0099 (La.App. 4 Cir. 5/31/00), 765 So.2d 438, a case with similar facts, the defendant represented himself both at trial and on appeal. Nonetheless, the defendant alleged on appeal that his conviction must be reversed because there was no valid waiver of his right to counsel. The trial court initially rejected the defendant’s invocation of his right to represent himself when he asserted this right at his arraignment; however, the defendant convinced the court that he had successfully represented himself in other cases. On August 2, 2005, the court explicitly cautioned the defendant regarding the possible maximum sentence he could receive if convicted, and the defendant threatened to take writs on the | tissue if the court denied his request. The court ultimately granted the request, but appointed an indigent defender to assist him.
On appeal, the defendant argued that his waiver of counsel was not knowing because the court failed to question him concerning his background, age, and education and failed to advise him fully about the problems with self-representation. This Court rejected his claim, citing Stevi-son’s holding that there are no specific criteria that a court must use to establish that a defendant’s waiver was knowing. This Court further noted that the defendant unequivocally invoked his right to self-representation from the outset of the case, and he persisted in his invocation even after the trial court repeatedly cautioned him with regard to the problems associated with representing himself. Accordingly, this court found that the defendant’s waiver of his right to counsel was valid and knowing despite the fact that the trial court did not “engage in a detailed colloquy regarding self-representation.” Id. at p. 7, 765 So.2d at 442-443.
In this case, nearly a year before trial, Appellant sent a letter to the trial court expressing his wish to represent himself. In his correspondence, he detailed his attempts to contact his attorney with information and questions that he thought were relevant to the issue of the motion to suppress the evidence and to his *471 innocence. He also included correspondence that he sent to counsel raising his concerns, and he further indicated that he had previously sent counsel an eight-page letter detailing inconsistencies in the police reports and other information that he believed counsel should bring out at the motion hearing. As mentioned previously, Appellant also indicated that he had successfully represented himself in unrelated criminal matters in the past.
|7At the motion hearing on June 4, 2004, Appellant invoked his right to represent himself. The court acknowledged the correspondence Appellant had sent and his right to represent himself. The court then stated: “I can only caution you or advise you that you should avail yourself of court appointed counsel. But it’s your wish you are saying to represent yourself?” The Appellant replied that it was. The court then indicated that it would grant his motion, but also appointed counsel to assist Appellant should he have any questions or need legal advice. Appellant did not object to this appointment of co-counsel.
As in the cases cited above, Appellant in this case unequivocally invoked his right to self-representation. The court explicitly cautioned him regarding not taking advantage of appointed counsel, yet Appellant insists that this waiver of counsel was not made knowingly because the trial court did not inquire into his age, background, and education. Pursuant to Stevison, Gauthier, and Marts, however, a trial court is not required to determine a defendant’s age, background or education to establish that a waiver of counsel was knowingly made. We find that in this case, the record demonstrates that Appellant explicitly and repeatedly invoked his right to self-representation, both verbally and in writing, and that the trial court did not err by meeting this demand and appointing counsel to assist him. Therefore, we find that this assignment of error is without merit.
The appellant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Three other defendants were charged in the same bill with various offenses. Two of them, Kevin Roig and Joseph Connell, eventually pled guilty and were duly sentenced. They are not a party to this appeal. The third, Frederick Warren, was tried with Palmer and found guilty of attempted possession of heroin and attempted distribution of heroin. He was sentenced long after Palmer, and his appeal has been lodged in this court, 2007-KA-0115.

. The court continued the remainder of the hearing pending testimony from two officers.

. Appellant stated in his letter that "I must bring to your attention some facts in my decision to dismiss my attorney and represent myself.” Appellant went on to list various examples of his dissatisfaction with his attorney's performance. Notably, Appellant also asserted that "[w]hile not an attorney, I have represented myself in other criminal matters and have litigated and won lawsuits in the pro se capacity so, I feel competent to represent myself in this case.” (emphasis added).

.Appellant's May 28, 2004 letter to the court began: "This letter is to notify you of my decision and wishes to waive appointed counsel and proceed pro se.”

. Cert. den. Leger v. Louisiana, - U.S. -, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). In Leger, the defendant announced shortly before trial that he wanted to represent himself. When the court inquired about the defendant’s training and education and if the defendant knew the consequences of representing himself, the defendant indicated that he did, but he insisted that counsel was not asking questions that the defendant thought *469 needed to be asked. The court then appointed the defendant as co-counsel. On review, the Court noted that the defendant’s request was not an unequivocal assertion of his right to waive counsel, but rather it was a request to allow him to become co-counsel, which request the trial court granted.

. In Bridgewater, the Court upheld the trial court's denial of the defendant’s request to represent himself, noting that the request was not unequivocal in that it appeared he vacillated between waiving counsel altogether and asking that other counsel be appointed because the defendant was dissatisfied with the trial strategy present counsel was employing.

. In Gauthier, this Court also found that the trial court did not err by allowing the defendant to represent himself. The record reflected that the defendant represented himself with the assistance of counsel, and on at least two occasions the trial court established that this arrangement was agreeable to the defendant. On the second occasion, just before the beginning of trial, the court again urged the defendant to allow his counsel to handle the trial, but the defendant resisted, noting that counsel was assisting him. This court held that although the colloquies in the record did not cover the defendant’s age, education, or background, they were sufficient to show that the defendant knowingly invoked his right to self-representation.

. In Santos, the defendant requested to represent himself because he believed that all of the indigent defenders in the parish were acting in concert with the police. The trial court denied the request, and on appeal in an unpublished opinion, this Court affirmed, State v. Santos, unpub. 97-1893 (La.App. 4 Cir. 5/19/99), 744 So.2d 24, 1999 WL 5009711. On review, the Louisiana Supreme Court reversed, finding that the defendant affirmatively invoked his right to self-representation. The Court noted that the trial court erred by focusing on the level of the defendant's technical skills (or lack thereof), the standard for measuring competence of counsel. The Court found that the defendant was competent to waive counsel and unequivocally did so. The Court further noted that the trial court could have assigned an attorney as co-counsel or could have even terminated the invocation of the right to self-representation if the circumstances of the case subsequently required the assistance of counsel.

. In Brown, the defendant complained on appeal that the trial court violated his right to self-representation because the court appointed counsel to assist him in his representation. The Court rejected this claim, noting that the defendant’s request for self-representation was really a request that he be allowed to ask questions that his counsel would not ask; thus, the appointment of counsel to assist him fulfilled his request.