GAIDRY, J.
 

 |2The defendant, Darrin Robinson, an inmate at Dixon Correctional Institute, was charged by bill of information with one count of possession of contraband upon the grounds of a state correctional institute, a violation of La. R.S. 14:402(B), and initially pleaded not guilty. He moved for discovery and also filed a Brady
 
 [1]
 
 motion. He also moved to represent himself, and that motion was granted. Following a hearing, the trial court denied defendant’s request for his entire prison file and denied his request to subpoena certain individuals for trial. Defendant subsequently pleaded
 
 nolo contendere
 
 pursuant to a plea bargain, and reserved his right to appeal any errors by the trial court regarding pretrial motions.
 
 See State v. Crosby,
 
 338 So.2d 584 (La.1976). He was sentenced to one year at hard labor to run consecutively with any other sentence being served.
 

 Defendant appealed to this court, contending (1) that the trial court erred and abused its discretion in permitting him to represent himself, while unlawfully limiting his ability to prepare for trial and defend himself at trial; and (2) that the trial court erred in denying his motion to quash and in accepting his plea without establishing that there was a factual basis for the plea. In his counseled brief to this court, defendant referenced
 
 Faretta v. California,
 
 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), in one paragraph of a ten-page argument focusing on the trial court’s alleged unlawful limitation of his ability to prepare for trial while representing himself. In his
 
 pro se
 
 brief to this court, defendant referenced
 
 Faretta
 
 in connection with his third supplemental assignment of error in which he claimed that he “was deprived of his constitutional right to self-representation by court-imposed constraints on his ability to control his | .-¡defense.” We concluded that the assignments of error were without merit, and affirmed the conviction and sentence.
 
 State v. Robinson,
 
 08-0820 (La.App. 1st Cir.2/13/09), 5 So.3d 316 (unpublished opinion).
 

 Following his
 
 pro se
 
 writ application, the Louisiana Supreme Court, with three justices voting to deny the writ application, granted defendant the following relief:
 

 Granted in part. This case is remanded to the court of appeal to address specifically defendant’s assignment of error that the trial court erred by permitting him to assert his right to self-representation without assuring itself that défen-dant made a knowing and intelligent
 
 *437
 
 waiver of his right to counsel because “he kn[ew] what he [was] doing and his choice [was] made with eyes open.”
 
 Faretta v. California,
 
 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (internal quotation marks and citation omitted);
 
 State v. LaFleur,
 
 391 So.2d 445, 448 (La.1980) (“There should be some indication that the trial judge tried to assess the defendant’s literacy, competency, understanding and volition before he accepted the waiver of counsel.”) (citation omitted).
 

 State v. Robinson,
 
 09-0628 (La.12/17/09), 23 So.3d 926.
 

 For the following reasons, we find the issue on remand without merit, and again affirm defendant’s conviction and sentence.
 

 FARETTA
 

 A defendant in a state criminal trial has a Sixth Amendment right to proceed without counsel when he voluntarily and intelligently elects to do so.
 
 See Faretta,
 
 422 U.S. at 807, 95 S.Ct. at 2527. When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he 14knows what he is doing and his choice is made with eyes wide open.
 
 Faretta,
 
 422 U.S. at 835, 95 S.Ct. at 2541.
 

 In
 
 State v. LaFleur,
 
 391 So.2d 445 (La.1980), the defendant was charged with perjury arising from a proceeding involving a charge of theft. At arraignment on the theft charge, the defendant requested that counsel be appointed to represent him. The trial court refused, revoked the defendant’s bail, and remanded him back to jail. After a week in jail, the defendant was returned to court, where he stated he did not want counsel, signed a waiver form, and pleaded guilty. The perjury charge arose after the defendant “was placed on the stand by the judge to testify.”
 
 La-Fleur,
 
 391 So.2d at 446. Noting that “[t]here should be some indication that the trial judge tried to assess the defendant’s literacy, competency, understanding and volition before he accepted the waiver of counsel,” the supreme court in
 
 LaFleur
 
 held that the trial judge had made no attempt to impress upon the defendant the importance of having counsel, and, to the contrary, had implicitly induced the waiver by refusing the defendant’s request for counsel and remanding him to jail.
 
 La-Fleur,
 
 391 So.2d at 448.
 

 In
 
 State v. Santos,
 
 99-1897, p. 3 (La.9/15/00), 770 So.2d 319, 321 (per curiam), the supreme court held that where a trial judge is confronted with an accused’s unequivocal request to represent himself, the judge need determine only whether the accused is competent to waive counsel and is voluntarily exercising his informed free will. The court noted that a denial of the Sixth Amendment right to self-representation is not subject to harmless-error analysis.
 
 Santos,
 
 99-1897 at p. 5, 770 So.2d at 322, citing
 
 McKaskle v. Wiggins,
 
 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122 (1984).
 

 |fiThe United States Supreme Court has not prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election to proceed without counsel will depend on a range of factors, including the defendant’s
 
 *438
 
 education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.
 
 Iowa v. Tovar,
 
 541 U.S. 77, 88, 124 S.Ct. 1379, 1387, 158 L.Ed.2d 209 (2004);
 
 State v. Simmons,
 
 05-1462, pp. 1-2 (La.3/17/06), 924 So.2d 137, 138 (per curiam). Further, a colloquy at a pretrial stage can be less searching or formal.
 
 See Patterson v. Illinois,
 
 487 U.S. 285, 299-300, 108 S.Ct. 2389, 2398, 101 L.Ed.2d 261 (1988). Additionally, evidence of a defendant’s prior experience with the criminal justice system is relevant to the question of whether or not he knowingly waived constitutional rights.
 
 See Parke v. Raley,
 
 506 U.S. 20, 37, 113 S.Ct. 517, 527, 121 L.Ed.2d 391 (1992).
 

 In the instant case, on July 3, 2007, at arraignment with the benefit of appointed counsel, defendant was advised of the nature of the charge against him, of the nature of the proceedings, and of his right to counsel. His age was judicially determined to be 36. He was formally arraigned and pleaded not guilty.
 

 On July 17, 2007, defendant filed
 
 pro se
 
 motions requesting documents, moving for self-representation “to control his own discovery,” and seeking to be held in parish prison pending disposition of his case. At the hearing on the motions, defense counsel advised the court that defendant was moving for self-representation. The trial court cautioned defendant: “Mr. Robinson, do you want to represent yourself in this case because if you’re going to represent yourself in the case, I’m going to take [defense counsel] off the case and let you represent yourself if you think you’re qualified to do that.” Defendant | r,replied “Yes, sir.” He further stated that he was aware that defense counsel had filed several motions for several documents, but explained that he needed particular documents for a certain defense. Defendant indicated that he was presently serving time for aggravated burglary. The trial court granted the motion for self-representation.
 

 On January 15, 2008, defendant wrote to the trial court, requesting a hearing and indicating that, due to the denial of relevant discovery and the exclusion of his key witnesses, he felt that it was in his best interests to plead guilty.
 

 At a hearing on January 22, 2008, the court indicated that following discussions in chambers, the court understood that defendant wished to avail himself of a plea offer and reserve his right to appeal any errors concerning pretrial motions. Defendant replied, “Yes, sir.” Thereafter, in response to questioning by the court, defendant testified he was 37 years old, had completed the eleventh grade, could read and write (the court also noting that defendant had filed many
 
 pro se
 
 motions), and had previously been employed at American Waste. Defendant acknowledged that he was representing himself at his own request after counsel had been appointed to represent him. He further acknowledged that under the plea offer, the state would not institute habitual offender proceedings against him, and he would be sentenced to one year at hard labor to run consecutively with any other time being served.
 

 After a thorough review of the record and the applicable jurisprudence, we find no violation of
 
 Faretta
 
 or
 
 LaFleur
 
 in this matter. The record indicates that defendant wished to represent himself in this uncomplicated matter for tactical reasons,
 
 ie.,
 
 “to control his own discovery” and “[to] be able to control [his] defense.” He moved for self-representation at a pretrial stage of the proceedings and entered into a favorable plea bargain, while reserving his right 17to challenge any errors concerning pretrial motions. The trial court granted defendant’s unequivocal request to represent himself after cautioning him that
 
 *439
 
 if he represented himself he would lose the benefit of counsel. At that time, the court had the benefit of numerous pro se motions filed by defendant demonstrating his literacy, competency, and understanding. Defendant also had extensive prior experience with the criminal justice system. He advised the trial court that he was serving a sentence for aggravated burglary, and the record reflects that in addition to his arrest for the instant offense, he had seven prior arrests for a total of sixteen offenses.
 

 Having previously addressed the assignments of error, and now having addressed the issue on remand, we again affirm defendant’s conviction and sentence.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 .
 
 See Brady v. Maryland,
 
 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963).