STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1092

STATE OF LOUISIANA

VERSUS

FREDRICK A. MURRAY

Judgment Rendered: **MAY 1 1 2020**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 1801955

Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Scott M. Perrilloux
District Attorney
Patricia Parker Amos
Brett Sommer
Assistant District Attorneys
Amite, LA

Attorneys for Appellee,
State of Louisiana

Fredrick A. Murray
Angola, LA

Defendant-Appellant,
In Proper Person

Lieu T. Vo Clark
Louisiana Appellate Project
Mandeville, LA

Attorney for Defendant-Appellant,
Fredrick A. Murray

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

The defendant, Fredrick A. Murray, was charged by an amended bill of information with one count of unlawful use or access of social media (count I), a violation of La. R.S. 14:91.5; and one count of possession of pornography involving juveniles (victim under the age of thirteen years) (count II), a violation of La. R.S. 14:81.1(A)(1). He pled not guilty on both counts. Following a jury trial on count II, he was found guilty as charged by unanimous verdict. Thereafter, the State dismissed count I. The defendant was sentenced to sixty-five years at hard labor without benefit of probation, parole, or suspension of sentence. He now appeals, assigning error to the trial court's allowing him to represent himself at trial and to the sentence as "illegally excessive." For the following reasons, we affirm the conviction, vacate the sentence, and remand for resentencing.

## FACTS

In April of 2018, Hammond Police Department Detective Chase Zaffuto and Federal Bureau of Investigation Special Agent Joseph Mooney executed a search warrant for electronic evidence of criminal activity at the home of the defendant. Ten flash drives, twenty-four memory cards, and thirty-three hard drives were recovered during the search. After discovering two images of child pornography on some of the seized equipment, Agent Mooney obtained search warrants to search all of the equipment for evidence of possession, receipt, or transmission of child pornography. A subsequent search of the seized equipment revealed seven hundred and twenty-three images of child pornography. The age ranges of the victims of the child pornography were between approximately four months old to approximately twelve years old.

## FARETTA VIOLATION

In his sole pro se assignment of error, the defendant contends the trial court erred in permitting him to represent himself at trial contrary to his Sixth Amendment right

to counsel and **Faretta v. California**, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Both the Louisiana and United States Constitutions guarantee a criminal defendant's right to the assistance of counsel. Nevertheless, a defendant may elect to represent himself if the choice is "knowingly and intelligently made" and the assertion of the right is "clear and unequivocal." U.S. Const. amend. VI; La. Const. art. I, § 13; **Faretta**, 422 U.S. at 835, 95 S.Ct. at 2541; **State v. Bonit**, 2005-0795 (La. App. 1st Cir. 2/10/06), 928 So.2d 633, 637, writ denied, 2006-1211 (La. 3/16/07), 952 So.2d 688.

In **Faretta**, the United States Supreme Court recognized that a trial court may not force a lawyer upon a defendant when the defendant insists he wants to conduct his own defense and voluntarily and intelligently elects to proceed without counsel. However, he must ask clearly and unequivocally to proceed pro se and he must also make his request in a timely manner. **Faretta**, 422 U.S. at 834-35, 95 S.Ct. at 2541; **Bonit**, 928 So.2d at 637. Further, a defendant must be made aware of the dangers and disadvantages of self-representation so that the record demonstrates that "he knows what he is doing and his choice is made with his eyes open." **Faretta**, 422 U.S. at 835, 95 S.Ct. at 2541 (quoting **Adams v. United States ex rel. McCann**, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)). **Faretta** made clear that the accused's "technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself." **Id**. at 836, 95 S.Ct. at 2541. In **State v. Santos**, the Louisiana Supreme Court held that where a trial judge is confronted with an accused's unequivocal request to represent himself, the judge need determine only whether the accused is competent to waive counsel and is "voluntarily exercising his informed free will." **State v. Santos**, 99-1897 (La. 9/15/00), 770 So.2d 319, 321 (per curiam) (quoting **Faretta**, 422 U.S. at 835, 95 S.Ct. at 2541).

3

In **McKaskle v. Wiggins**, 465 U.S. 168, 184, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1984), the United States Supreme Court confirmed the right of a criminal defendant to represent him or herself pro se while allowing the trial court to appoint standby counsel "to explain and enforce basic rules of courtroom protocol." The Court further found that standby counsel may participate in the trial as long as his or her participation does not "seriously [undermine the defendant's] appearance before the jury in the status of one representing himself." **Bonit**, 928 So.2d at 638 (quoting **McKaskle**, 465 U.S. at 187, 104 S.Ct. at 956).

The United States Supreme Court has not prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election to proceed without counsel will depend on a range of factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding. **Iowa v. Tovar**, 541 U.S. 77, 88, 124 S.Ct. 1379, 1387, 158 L.Ed.2d 209 (2004); **State v. Simmons**, 2005-1462 (La. 3/17/06), 924 So.2d 137, 138 (per curiam). Further, the inquiry before permitting an accused to waive his right to counsel at a pretrial stage can be less searching or formal. See **Patterson v. Illinois**, 487 U.S. 285, 299-300, 108 S.Ct. 2389, 2398, 101 L.Ed.2d 261 (1988). Additionally, evidence of a defendant's prior experience with the criminal justice system is relevant to the question of whether or not he knowingly waived constitutional rights. **State v. Robinson**, 2008-0820 (La. App. 1st Cir. 6/4/10), 42 So.3d 435, 437-38, writ denied, 2010-1549 (La. 5/20/11), 63 So.3d 974; see **Parke v. Raley**, 506 U.S. 20, 37, 113 S.Ct. 517, 527, 121 L.Ed.2d 391 (1992).

On August 14, 2018, the defendant appeared without counsel for arraignment. He refused to enter a plea, so the court entered a plea of not guilty on his behalf. Additionally, the court appointed a sanity commission to examine the defendant.

4

A sanity hearing was held on December 18, 2018. The defendant denied that he represented himself. The trial court offered to appoint the public defender "to either represent [the defendant] or simply to sit beside [the defendant] and give [the defendant] the benefit of legal advice at [the defendant's] discretion." The defendant refused the offer. Following the hearing, the defendant was determined to be competent to stand trial. The court recognized the defendant's "standing objection" to the court's subject matter jurisdiction. The court also recognized the defendant's request for transcripts, request for discovery, and an "*en bloc* motion to quash."

On January 30, 2019, the trial court appointed the public defender to sit as an advisor for the defendant. On February 26, 2019, a pre-trial conference was held in the matter. The trial court asked the defendant if "[a]t the last session," he had requested that the public defender assist him. The defendant replied, "[f]or procedural issues, just to overview the procedures...." Thereafter, the court reviewed a "Waiver of Court Appointed Counsel" form with the defendant while he followed along with a copy of the form. The first paragraph of the form provided:

> The defendant has expressed a desire to represent himself. If a defendant properly asserts his right to self-representation, then the record must show that he knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation. See **Faretta v. California**, 422 U.S. 806, 835 (1975).

The trial court advised the defendant, "[s]o that is what we are going to do today? Okay?" The defendant replied, "[y]es. But for the record, I am not representing myself, I am defending myself in propria persona, Your Honor." The court asked the defendant if he understood that "for our purposes those are the same thing?" The defendant answered affirmatively. The court further explained, "you are defending yourself in this proceeding by representing yourself as opposed to having someone else[.]" The defendant interrupted the court, stating, "I am not representing anything." The court advised the defendant that while he could waive his right to counsel and insist on self-representation, he could "[n]ot obstruct the orderly procedure

5

in court or interfere with the fair administration of the justice." The defendant indicated he understood. Thereafter, in response to inquiry from the court, the defendant stated: he was sixty-three years old; he had a college degree and two technical degrees; and he had worked as an electronics field engineer. The court asked the defendant if he had any prior legal experience, and the defendant replied, "minimal." The court inquired if the defendant had been subject to any prior criminal cases, and he replied, "not on my own, no."[1] The court noted for the record that a sanity commission had been appointed, a sanity hearing had been held, and the "findings of Dr. Artecona[2] with respect to that." The court then asked the defendant if he understood the general nature of the charges against him. The defendant answered, "Generally, yes." The court advised the defendant:

> First, you are charged with the unlawful use or access of social media. Meaning that because you are a registered sex offender your access to certain items of social media [is] restricted. That you are further charged with having possession, electronic possession, I believe, if my memory serves me right, of pornography that involves juveniles, that is the allegation, and then you are charged with two separate counts of failure to register as a sex offender, having been previously convicted of a sex crime which required registration.

The court continued, "And when we spoke with respect to your legal experience, at least in the past you had been convicted of some offense which was a felony, which

---

[1] At the subsequent sentencing hearing, the State submitted a copy of the defendant's criminal history indicating that in 1994, he was convicted in Massachusetts for "what would be the equivalent in Louisiana of indecent behavior with a juvenile."

[2] At the sanity hearing, Dr. Jose Artecona was accepted as an expert in the field of forensic psychiatry. He testified:

> I was able to review about eight or nine hours worth of telephone calls from the jail in which I was able to hear [the defendant] speak, at length, with various family members. I was able to hear him to see how he thought, how he talked; to even hear some of his legal arguments – that he planned to move forward. And frankly, I saw no evidence that this man was either mentally ill or mentally deficient. In other words, I saw no evidence of dementia. I saw no evidence of mental illness. I saw no evidence of disorganized thinking. And he was rational, able to make decisions, able to tell his sister where things were, able to tell his brother how to fix a motor, talking about ex post facto arguments in [sic] regarding his case, and things of that nature.

required you to register. So you had [at] least had that criminal experience; is that correct?" The defendant replied, "My crime was committed in '92. The law didn't exist until '94. That is an ex post facto law."

The court further advised the defendant:

[Court]: Do you understand that a courtroom is governed by certain rules of procedure and evidence? Do you understand that?

[Defendant]: Yes, yes, Sir.

[Court]: And that at your request I have appointed the public defender to assist you with procedural matters, but that this courtroom proceeding will be conducted in accordance with those rules of evidence and procedure. Your lack of knowledge or your lack of experience will not mean that you get a break or that the rules will be expanded, the rules of evidence will be complied with. Do you understand that?

[Defendant]: Yes, Sir.

The court advised the defendant that his requested "counsel to assist with procedural matters" would not question jurors or witnesses, but would merely be a consultant to the defendant during trial. The defendant indicated he understood. The court asked the defendant, "Do you understand that you have been advised of your right to be represented by counsel on these charges that are pending against you and that if you couldn't afford counsel that I would appoint the public defender to represent you free of charge?" The defendant answered affirmatively. The court stated, "Understanding that, you decided to waive that right and to defend yourself, as you put it?" The defendant again answered affirmatively. The court asked, "And you desire that you be allowed to proceed to trial in that process in defending yourself and without an attorney defending you?" The defendant answered, "In a co[-]capacity, yes." Thereafter, the defendant signed the following waiver of right to counsel:

The Court has advised me of my right to representation by counsel in the charges pending against me. The Court advised me that if I were unable to afford counsel, an attorney would be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right. I further request the court allow me [to] proceed with my case

7

without an attorney being appointed for me. Wishing to proceed *pro se*, I waive my right to counsel.

The trial court found that the defendant was "of sufficient age, background and education to understand the implications and the dangers of his representation." Additionally, the court noted:

> The court further finds that the defendant has been informed of the general nature of the charges and possible penalties, that there are technical rules of evidence and procedure which he will be obligated to comply with, that he will not be given special consideration for his lack of legal experience and that he will not obstruct the orderly procedure of the court or interfere with the fair administration of justice.

After a thorough review of the record and the applicable jurisprudence, we find no violation of the defendant's constitutional right to counsel or **Faretta** in this matter. The defendant clearly and unequivocally asserted his right to defend himself in proper person at a pretrial stage of the proceedings. Thereafter, he acknowledged that in order to represent himself, the record would have to show that he had knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation. The trial court granted the defendant's unequivocal request after determining the defendant was competent to waive counsel and was voluntarily exercising his informed free will. The trial court determined that the defendant was educated, was sixty-three years old with a college degree and two technical degrees, and he had worked as an electronics field engineer. Further, the charges against the defendant were easily grasped, and he had previous experience with the criminal justice system. Additionally, the trial court considered the pro se pleadings filed by the defendant as well as his arguments made in court.

We find no merit in the defendant's pro se assignment of error.

## ILLEGAL SENTENCE

In his sole counseled assignment of error, the defendant contends the sentence in this matter must be vacated and the case remanded for resentencing. He argues

the sentence of sixty-five years at hard labor without benefit of probation, parole, or suspension of sentence is illegally excessive, because the maximum sentence allowed by law is forty years at hard labor without benefit of probation, parole, or suspension of sentence. The State agrees the sentence "should likely be vacated as it [is] in excess of the statutory range."

An illegal sentence is primarily restricted to those instances in which the *term* of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty for the crime of conviction. **Montgomery v. Louisiana**, 136 S.Ct. 718, 726, 193 L.Ed.2d 599 (2016). An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. Code Crim. P. art. 882(A).

Under La. R.S. 14:81.1, when the victim is under the age of thirteen years, "promotion, advertisement, or production of pornography involving juveniles" is punished more severely than possession of pornography involving juveniles. See La. R.S. 14:81.1(E)(5)(a) & La. R.S. 14:81.1(E)(5)(b). At sentencing, the trial court referenced the penalty provision applicable to count II as originally charged, wherein the State, in pertinent part, charged the defendant had "produced, promoted, advertised" pornography involving juveniles under the age of thirteen years. Under count II, as originally charged, the defendant faced a maximum sentence of ninety-nine years at hard labor with at least twenty-five years of the sentence without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:81.1(E)(4) & La. R.S. 14:81.1(E)(5)(b). Following the amendment of count II, however, the defendant's sentencing exposure was reduced to imprisonment at hard labor for not less than ten years nor more than forty years without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:81.1(E)(1)(a) & La. R.S. 14:81.1(E)(5)(a). Therefore, the sentence imposed by the trial court is not authorized by the statutes governing the

penalty for the crime of conviction, and thus, is illegal. Accordingly, the sentence imposed is vacated and this matter is remanded for resentencing in accordance with law.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE REMANDED FOR RESENTENCING.**